**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

GARY C. BLAKELY,

Plaintiff,

v. Case No. 6:13-cv-796-Orl-37TBS

SAFECO INSURANCE COMPANY OF ILLINOIS,

Defendant.

---

**ORDER**

This cause is before the Court on Defendant's Motion to Dismiss Count Three of the Complaint and Memorandum of Law (Doc. 9), filed May 24, 2013. Upon consideration, the Court hereby grants the motion.

Plaintiff was involved in a motorcycle accident with an underinsured motorist. (Doc. 2, ¶¶ 5–6.) Defendant, Plaintiff's insurance carrier, allegedly refused to pay Plaintiff's underinsured motorist benefits. (*Id.* ¶ 4.) Plaintiff brought this suit alleging: (1) a declaratory judgment action; (2) breach of contract; and (3) a bad faith failure to settle an insurance claim, in violation of Florida Statutes §§ 624.155 and 626.9541. (*Id.* ¶¶ 7–28.) Defendant moved to dismiss Count III, arguing that such a bad faith claim "does not accrue unless and until the underlying action for insurance benefits is resolved in favor of the insured." (Doc. 9, p. 1.) The motion is unopposed, as Plaintiff has failed to respond even after the Court directed him to do so. (*See* Doc. 12.)

The Court agrees with Defendant that Count III is premature. "[A]n insured's underlying first-party action for insurance benefits against the insurer necessarily must be resolved favorably to the insured before the cause of action for bad faith in

settlement negotiations can accrue." *Blanchard v. State Farm Mut. Auto. Ins. Co.*, 575 So. 2d 1289, 1291 (Fla. 1991). Therefore, Defendant's motion is due to be granted and Count III is due to be dismissed without prejudice. *See Shuck v. Bank of Am., N.A.*, 862 So. 2d 20, 24–25 (Fla. 2d DCA 2003) (noting that, in a case in which one of the "essential elements [of a claim] is contingent upon the occurrence of an event that may or may not occur," dismissal without prejudice is the appropriate remedy); *see also Great Am. Assurance Co. v. Sanchuk, LLC*, No. 8:10-cv-2568-T-33AEP, 2012 WL 195526, at *7 (M.D. Fla. Jan. 23, 2012) (Covington, J.) (citing *Shuck*, 862 So. 2d at 24–25) ("[W]hen premature filing of an action cannot be cured by the passing of time—that is, when the claim is dependent upon the outcome of a separate action—dismissal without prejudice is preferred."). If the instant action is resolved in Plaintiff's favor, then he may file a separate suit based on the allegations in Count III.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Defendant's Motion to Dismiss Count Three of the Complaint and Memorandum of Law (Doc. 9) is **GRANTED**.
2. Count III of the Complaint (Doc. 2, ¶¶ 20–28) is **DISMISSED WITHOUT PREJUDICE**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on June 25, 2013.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record