UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

GARY C. BLAKELY,

Plaintiff,

v. Case No. 6:13-cv-796-Orl-37TBS

SAFECO INSURANCE COMPANY OF ILLINOIS,

Defendant.

---

ORDER

This case comes before the Court without oral argument on Defendant SAFECO Insurance Company of Illinois' Motion to Strike Plaintiff Gary Blakely's Expert Witnesses for Insufficient Rule 26 Disclosures (Doc. 31).

Defendant issued a policy of motorcycle insurance to Plaintiff. (Doc. 2, ¶ 4). The policy provides uninsured/underinsured motorist coverage in the amount of $50,000 for each person and $100,000 for each accident. (Id., p. 11). On September 30, 2012, Plaintiff was injured in a motor vehicle accident while operating his motorcycle. (Id., ¶¶ 5-6). The owner and operator of the other vehicle were underinsured when the accident occurred. (Id., ¶¶ 5-6). Count I of Plaintiff's complaint seeks a declaratory judgment that the policy provides stacked uninsured/underinsured motorist coverage for the damages he sustained in the accident. (Id.). (Id., ¶¶ 11-13). Count II is an action for breach of the policy. (Id., ¶¶ 18-19). Count III alleges that Defendant violated § 624.155 and § 626.9541 Florida Statutes by, inter alia, misrepresenting pertinent facts about the policy, denying

Plaintiff's claim without conducting a reasonable investigation, failing to provide a reasonable explanation in writing for the denial of the claim, and failing to attempt, in good faith, to pay Plaintiff's claim under the uninsured/underinsured portion of the policy . (Id., ¶¶ 20-28).

The Court entered a Case Management and Scheduling Order ("CMSO") requiring Plaintiff to disclose his expert reports by February 3, 2014, and for Defendant to disclose its expert reports by February 19, 2014. (Doc. 20). The CMSO provides that on or before the dates for "the disclosure of expert reports, the party shall fully comply with FED. R. CIV. P. 26(a)(2) and 26(e). Expert testimony on direct examination at trial will be limited to the opinions, bases, reasons, data, and other information disclosed in the written expert report disclosed pursuant to this Order. Failure to disclose such information may result in the exclusion of all or part of the testimony of the expert witness." (Id., at 3). The case is set for jury trial during the term beginning November 3, 2014. (Id., at 2).

Plaintiff served his expert witness disclosure on February 3, 2014. (Doc. 30). In addition to their contact information, Plaintiff provided the following information about his experts:

Christian Schuetz, MD (attending)
Expected Testimony: nature and extent of injuries and treatment in the hospital

Sean Dakshawl, DO
Expected Testimony: nature and extent of injuries/treatment

Brad McCollom, DO
Expected Testimony: nature and extent of injuries/treatment

Igor Genov, DO
Expected Testimony: Dr. Genov is expected to testify concerning the results of the radiology studies performed at Lawnwood Regional Medical Center

Indian River County Advanced Life Support
Expected Testimony: care at accident scene/air transport Necessary

David Feldman, MD
Expected Testimony: results of lumbar and thoracic MRI Studies conducted on 01/16/13

Joseph Slattery, MD
Expected Testimony: nature and extent of injuries and treatment

Joseph Flinn, DC
Expected Testimony: nature and extent of injuries and Treatment

Ryan Wood, MD
Expected Testimony: nature and extent of injuries and Treatment

Aaron Smith, DO
Expected Testimony: nature and extent of injuries and neurosurgical treatment

Jose A. Alvarez, III, MD
Expected Testimony: nature and extent of injuries and Pain management treatment

John Donovan, MD
Expected Testimony: nature and extent of injuries and Pain management treatment

Representative, Florida Office of Insurance Regulation
Expected Testimony: approval status of UM forms

(Doc. 30).

On February 19, 2014, Defendant motioned the Court to strike all of Plaintiff''s experts and not permit them to testify because Plaintiff failed to comply with FED. R.

CIV. P. 26(a)(2)(B)(i)-(vi).[1] (Doc. 31). As the moving party, Defendant has the initial burden of showing a valid basis to strike Plaintiff's expert witness disclosures. In re Denture Cream Prod. Liab. Litig., Case No. 09-2051-MD, 2012 WL 5199597, at *4 (S.D. Fla. Oct. 22, 2012). Plaintiff, as the party which failed to produce full written expert reports, bears the burden of demonstrating that under Rule 26(a)(2)(B), written reports are not required. Id.

"If a party fails to provide information ... as required by [Rule 26(a)(2)(B)], the party is not allowed to use that information or witness to supply evidence ... at trial,

---

[1] Federal Rule of Civil Procedure 26(a)(2)(B), (E) provides:

(2) Disclosure of Expert Testimony.

(A) In General. In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705.

(B) Witnesses Who Must Provide a Written Report. Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report--prepared and signed by the witness--if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:

(i) a complete statement of all opinions the witness will express and the basis and reasons for them;

(ii) the facts or data considered by the witness in forming them;

(iii) any exhibits that will be used to summarize or support them;

(iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;

(v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

(vi) a statement of the compensation to be paid for the study and testimony in the case.

. . . .

(E) Supplementing the Disclosure. The parties must supplement these disclosures when required under Rule 26(e).

unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1). "The district court has broad discretion in deciding whether a failure to disclose evidence is substantially justified or harmless under Rule 37(c)(1)." Engle v. Taco Bell of America, Inc., Case No. 8:09-cv-2102-T-33TBM, 2011 WL 883639, at *1 (M.D. Fla. Mar. 14, 2011) (quoting Bane v. Breathe Easy Pulmonary Servs., Inc., Case No. 8:06-cv-40-T-33MAP, 2009 WL 92826 (M.D. Fla. Jan. 14, 2009)).

Plaintiff failed to provide expert reports for Indian River County Advanced Life Support and the Representative, Florida Office of Insurance Regulation. And, in his response to the motion to strike he did not provide any reasons why these witnesses should not be stricken. Accordingly, these witnesses are properly stricken from Plaintiff's expert witness list.

Plaintiff represents that all of his medical experts are treating physicians, none of whom were retained or specially employed to provide expert testimony in this case. (Doc. 33, p. 4). Therefore, he argues, Rule 26(a)(2)(B) does not apply to any of these health care professionals. "In determining whether a Rule 26(a)(2)(B) report is required, the label of 'treating physician' is irrelevant; instead, the determination turns on the substance of the physician's testimony." In re Denture Cream Products, 2012 WL 5199597, at *4 (quoting Singletary v. Stops, Inc., No. 6:09-cv-1763-Orl-19KRS, 2010 WL 3517039, at * 6 (M.D. Fla. Sept. 7, 2010)).

A physician who supplies an opinion procured directly from treatment is not subject to the expert witness disclosure requirements in Rule 26(a)(2)(B). Cruz v. United States, Case No. 12-21518-CIV, 2013 WL 395460, at *4 (S.D. Fla. Jan. 31,

2013); Southard v. State Farm Fire and Cas., Co., Case No. 4:11-cv-243, 2013 WL 209224, at *3 (S.D. Ga. Jan. 17, 2013); The Provident Bank v. Mattson, Case No. 8:10-cv-1338-T-33TBM, 2011 WL 1576582, at *2 (M.D. Fla. April 26, 2011); Bynum v. MVM, Inc., 241 F.R.D. 52, 53 (D.C. 2007). But, if a health care professional is asked to give any additional opinions, beyond those procured directly from treatment, then for those additional opinions to be admissible, Plaintiff must first provide the full written disclosures required by Rule 26(a)(2)(B).

The Court accepts Plaintiff's representation that all eleven health care professionals listed in his expert witness disclosure are treating physicians. Accordingly, they may testify to their opinions, based upon their personal observations, made while treating Plaintiff. Any additional opinions Plaintiff might seek to elicit from these health care professionals are inadmissible because Plaintiff has failed to provide the full written disclosures required by Rule 26(a)(2)(B). See Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial . . ."); see also Goodman v. Staples The Office Superstore, LLC, 644 F.3d 817, 826 (9th Cir. 2011) (requiring a written report from treating physicians who give expert testimony beyond the scope of the treatment rendered and who review information provided by attorneys in rendering their opinions); Southard v. State Farm Fire and Cas. Co., 2013 WL 209224, at *3 n.1.

Although the disclosed health care professionals are exempt from Rule

26(a)(2)(B)'s written reporting requirements, Plaintiff was still required to comply with Rule 26(a)(2)(C). Plaintiff timely furnished "the subject matter on which [each] witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705." See (Doc. 30). He argues that the requirement that he provide "a summary of the facts and opinions to which [each] witness is expected to testify," was satisfied by his Civil Remedy Notice of Insurer Violations filed November 12, 2012 (the "Notice"). (Doc. 33 at 2). The Notice informed Defendant that Plaintiff's "injuries include multiple vertebral fractures in his thoracic spine at T6, T7, T8, T9 (right transverse process) and T7, T8 (anterior column) as well right rib fractures at 5, 6, 7, 8, 9, 10 & 11," and that Plaintiff remains under a doctor's care. (Id.); (Doc. 1-1 at 19-21). The Notice does not summarize the facts and opinions about which any of Plaintiff's health care professional witnesses are expected to testify. Plaintiff has not complied with Rule 26(2)(a)(C)(ii), and he has not offered any excuse or justification for his failure to comply with the Rule.

Defendant argues that the insufficient disclosures are prejudicial and render it unable to "adequately prepare for depositions and trial." (Doc. 31 at 5). The Court agrees that without adequate disclosures, Defendant is unable to "know what the basis of the thirteen experts' testimony will be and cannot evaluate the conclusions made by each expert." (Id.). Accordingly, all of Plaintiff's remaining expert witnesses will be stricken.

The issue is whether Plaintiff's failure to obey Rule 26(2)(a)(C)(ii) has created a situation that cannot be cured? The answer is "No." There is still sufficient time

before trial for Plaintiff to amend his expert witness disclosures without substantial harm to Defendant. If Plaintiff is allowed to amend his disclosures to comply with Rule 26(2)(a)(C)(ii), and the discovery deadline is extended, that will remove any potential prejudice to Defendant while still allowing the case to go to trial on the scheduled trial date.

Therefore, it is ORDERED that Defendant SAFECO Insurance Company of Illinois' Motion to Strike Plaintiff Gary Blakely's Expert Witnesses for Insufficient Rule 26 Disclosures. (Doc. 31) is GRANTED and:

1. All of the witnesses listed on Plaintiff's Expert Witness List (Doc. 30) are STRICKEN.

2. Plaintiff shall have 14 days from the entry of this Order to amend his Rule 26 expert disclosures for all witnesses except Indian River County Advanced Life Support and the Representative, Florida Office of Insurance Regulation.

3. Expert witnesses Indian River County Advanced Life Support and the Representative, Florida Office of Insurance Regulation are stricken without leave to amend.

4. The discovery deadline is extended to May 5, 2014. The extension of the discovery deadline may not be cited as grounds to extend any other deadline in the case and discovery conducted after the deadline for filing dispositive and Daubert motions may not be used for any purpose in connection with any dispositive or Daubert motions.

DONE AND ORDERED in Orlando, Florida, on March 20, 2014.

THOMAS B. SMITH
United States Magistrate Judge

Copies to all Counsel