UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

GARY C. BLAKELY,

      Plaintiff,

v.                                    Case No.  6:13-cv-796-Orl-37TBS

SAFECO INSURANCE COMPANY OF
ILLINOIS,

      Defendant.
_____

<u>ORDER</u>

This case comes before the Court without oral argument on Defendant

SAFECO Insurance Company of Illinois' Motion for Enlargement of Time to Disclose

Expert Reports.  (Doc. 32).  The motion is fully briefed and ripe for decision.  (Docs.

34, 40).

Defendant issued a policy of motorcycle insurance to Plaintiff.  (Doc. 2, ¶ 4).

The policy provides uninsured/underinsured motorist coverage in the amount of

$50,000 for each person and $100,000 for each accident.  (<u>Id.</u>, p. 11).  On September

30, 2012, Plaintiff was injured in a motor vehicle accident while operating his

motorcycle.  (<u>Id.</u>, ¶¶ 5-6).  The owner and operator of the other vehicle were

underinsured when the accident occurred.  (<u>Id.</u>, ¶¶ 5-6).  Count I of Plaintiff's

complaint seeks a declaratory judgment that the policy provides stacked

uninsured/underinsured motorist coverage for the damages he sustained in the

accident.  (Id.).  (<u>Id.</u>, ¶¶ 11-13).  Count II is an action for breach of the policy.  (<u>Id.</u>, ¶¶

18-19).  Count III alleges that Defendant violated § 624.155 and § 626.9541 Florida

Statutes by, inter alia, misrepresenting pertinent facts about the policy, denying Plaintiff's claim without conducting a reasonable investigation, failing to provide a reasonable explanation in writing for the denial of the claim, and failing to attempt, in good faith, to pay Plaintiff's claim under the uninsured/underinsured portion of the policy.  (Id., ¶¶ 20-28).

On July 26, 2013, the parties filed their Case Management Report in which they proposed that Plaintiff would disclose his expert reports by February 3, 2014, and that Defendant would disclose its expert reports by February 19, 2014.  (Doc. 19 at 1). The Court incorporated these dates into its Case Management and Scheduling Order ("CMSO").  (Doc. 20).  The CMSO provides that on or before the dates for "the disclosure of expert reports, the party shall fully comply with FED. R. CIV. P. 26(a)(2) and 26(e).  Expert testimony on direct examination at trial will be limited to the opinions, bases, reasons, data, and other information disclosed in the written expert report disclosed pursuant to this Order.  Failure to disclose such information may result in the exclusion of all or part of the testimony of the expert witness."  (Id., at 3). The case is set for jury trial during the term beginning November 3, 2014.  (Id., at 2).

Plaintiff made his initial FED. R. CIV. P. 26(a)(1)(A) disclosures on September 9, 2013.  (Doc. 32-1).  His list of persons likely to have discoverable information that he might use to support his claims or defenses included 6 treating doctors and 12 other medical providers.  (Id. at 5-9).

Defendant deposed Plaintiff on September 12, 2013.  (Doc. 34 at 3 n.1). During the deposition, Defendant questioned Plaintiff about his injuries.  (Id.).

Plaintiff served his expert witness disclosure on February 3, 2014.  (Doc. 30).

On February 18, 2014, counsel for Defendant informed Plaintiff's lawyer that Defendant had retained two doctors to make physical examinations of Plaintiff.  (Doc. 32-2).  Defendant proposed that the examinations occur in February and March, 2014. (Id.).  This was the first medical discovery undertaken by Defendant since it deposed Plaintiff in September, 2013.  (Doc. 34 at 3).

Defendant filed two motions on February 19, 2014.  In the first motion, Defendant asked the Court to strike all of Plaintiff's experts and not permit them to testify on the grounds that Plaintiff failed to comply with the disclosure requirements in FED. R. CIV. P. 26(a).  (Doc. 31).  The Court found that Plaintiff had not complied with Rule 26(a)(2)(B)(I)-(vi) and struck all of his expert witnesses.  (Doc. 37).  Plaintiff was given 14 days leave to amend his medical expert disclosures and the discovery deadline was extended to May 5, 2014.  (Id.).

Defendant's second motion seeks an enlargement of time to make its own expert witness disclosures.  (Doc. 32).  As grounds, it argues that until Plaintiff complies with the expert disclosure requirements in Rule 26(a)(2)(B), it cannot rebut Plaintiff's experts' opinions or their reports.  (Doc. 32 ¶ 9).  Defendant also argues that until the physical examinations of Plaintiff are completed, it is unable to submit its expert reports.  (Id., ¶ 11).  Defendant recently learned Plaintiff has moved to Minnesota which it says, will increase the amount of time needed to complete his physical examinations and for Defendant to make its expert witness disclosures. (Id.).  This discovery has been further delayed because, apparently, the parties are

arguing about who should pay Plaintiff's costs to travel to Florida for the physical examinations.  (Doc. 40 at 4).

Federal Rule of Civil Procedure 37(c)(1) states that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless."  Here, Defendant does not allege that any new facts or issues of law have arisen since Plaintiff's complaint was filed.  Nor does it argue that it did not know, and could not have known, that medical experts would be necessary until Plaintiff made its expert witness disclosures.  While Defendant can justifiably complain about the inadequacy of Plaintiff's expert disclosures, nothing prevented it from obtaining Plaintiff's medical records; deposing Plaintiff's treating physician's; engaging its own expert witnesses; and scheduling the physical examination of Plaintiff long before the parties' expert disclosures were due.

The Court finds that Plaintiff's insufficient expert disclosures are not a substantial justification for Defendant's failure to timely disclose its expert witnesses. Vision Airlines, Inc. v. SST Air, LLC, No. 2:12-cv-21-WCO, 2013 WL 6908935, at *4 (N.D. Ga. Feb. 27, 2013) (citing Am. Gen. Life Ins. Co. v. Schoenthal Family, LLC, 248 F.R.D. 298 (N.D. Ga. 2008) aff'd by  555 F.3d 1331 (11th Cir. 2009)); see also Morrison v. Mann, Jr., 244 F.R.D. 668, 673 (N.D. Ga. 2007) (Untimely disclosure of expert held not justified by opponent's late production.); APA Excelsior III, L.P. v. Windley, 329 F. Supp. 2d 1328, 1337-38 (N.D. Ga. 2004) (Although defendants made

certain productions after the close of discovery, need for expert should have been apparent so that untimely naming of expert non justified.).

The next issue is whether Defendant's failure to comply with Rule 26 is harmless in light of the amount of time remaining before trial.  The Court finds that Defendant has not created an incurable situation.  There is still enough time before trial for Defendant to make expert witness disclosures without substantial harm to Plaintiff.  If Defendant is allowed to make expert witness disclosures then the case can go to trial on the scheduled trial date with both sides having their experts at the ready.  Accordingly, Defendant's motion is due to be granted.  But, whether it was dilatory or gambled, Defendant's conduct caused Plaintiff to incur attorney time that should not have been necessary.  Accordingly, Plaintiff is awarded its reasonable attorney's fees, in an amount to be determined, for responding to Defendant's motion

Now, it is ORDERED that Defendant SAFECO Insurance Company of Illinois' Motion for Enlargement of Time to Disclose Expert Reports (Doc. 32) is GRANTED and:

1.  Defendant has through April 30, 2014 to make its expert witness disclosures.

2.  Plaintiff has through May 23, 2014, to depose Defendant's expert witnesses.

3. The parties have 14 days from the entry of this Order to agree upon the amount of attorney's fees Defendant will pay Plaintiff for responding to this motion.  If the parties are unable to agree, Plaintiff shall file its motion for award of attorney's fees.

-5-

4. The relief granted in this Order may not be cited as grounds to extend any other deadline in the case.  Also, discovery made after the deadline for filing dispositive and Daubert motions may not be used for any purpose in connection with any dispositive or Daubert motions.

DONE AND ORDERED in Orlando, Florida, on April 1, 2014.

THOMAS B. SMITH
United States Magistrate Judge

Copies to all Counsel